11 CV 0977

JUDGE HELLERSTEIN

Thomas E. Willoughby
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, New York 10006-3739
(212) 669-0600

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NET QEM, LLC,

                Plaintiff,

    - against –

M/V "MSC MALTA" (now "TALASSA")
her engines, tackle, boiler, etc., *in rem*, YANG MING
MARINE TRANSPORT CORPORATION and
PETER DOEHLE SCHIFFAHRTS KG, *in personam*,

                Defendants.
------------------------------------X

Index No.

**COMPLAINT**

RECEIVED FEB 14 2011 U.S.D.C. S.D.N.Y.

    The plaintiff herein, by its attorneys, Hill Rivkins LLP, complaining of the above named vessel and defendants, alleges upon information and belief:

    FIRST:    This Court has jurisdiction pursuant to 28 U.S.C. 1331(a) in that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    SECOND:    At and during all times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

    THIRD:    At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water

for hire, and owned, operated, managed, chartered and controlled the above named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action.

FOURTH: On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessel and defendants in good order and condition the shipment described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

FIFTH: Thereafter, the said vessel arrived at the port of destination described in Schedule A and the cargo not delivered in the same good order and condition in which it was received.

SIXTH: Defendants, by reason of the premises, breached their duties to the plaintiff as common carriers by water for hire and were otherwise at fault.

SEVENTH: Plaintiff was the shipper, consignee or owner or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

EIGHTH: Plaintiff has duly performed all duties and obligations on its part to be performed.

NINTH: By reason of the premises, plaintiff has sustained damages nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $60,000.00.

**W H E R E F O R E,** plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against defendants.

2. That if defendants cannot be found within this District, that all of their property within this District, as shall be described in the affidavit, be attached in the sum set forth in this complaint, with interest and costs.

3. That a decree may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessels.

5. Plaintiff further prays for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated:  New York, New York
        February 14, 2011

                    HILL RIVKINS LLP
                    Attorneys for Plaintiff

By: _____
    Thomas E. Willoughby
    45 Broadway, Suite 1500
    New York, New York 10006-3739
    (212) 669-0600

## **SCHEDULE A**

Plaintiff:  NET QEM, LLC
1012 Park Glen Place
Durham, North Carolina

Defendants:  YANG MING MARINE TRANSPORT CORPORATION
c/o Yang Ming (America) Corp.
Newport Office Tower
Jersey City, New Jersey 07310

PETER DOEHLE SCHIFFAHRTS KG
Elbchaussee 370
22609 Hamburg, Germany

Date of Shipment:  January 17, 2010

Port of Loading:  Xingang, China

Port of Discharge:  New York

Shipper:  Trans-Union International Logistics, Co., Ltd.

Consignee:  W&L International Express, Inc.

Notify:  Same as Consignee

Description of Shipment:  734 packages uniforms, sweatshirts, thermal transfer ribbon, spanners, graphite plugs, parts for hydraulic filters.

Nature of Loss or Damage:  Physical damage

STATE OF NEW YORK   )
                    : SS:
COUNTY OF NEW YORK  )

Thomas E. Willoughby, duly sworn, deposes and says:

He is an attorney and partner with the firm of Hill Rivkins LLP, attorneys for plaintiff herein; he has read the foregoing complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes it to be true.

The reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation, none of whose officers is now within this district.

The sources of deponent's information and the grounds for his belief as to those matters stated in the complaint to be alleged on information and belief are documents and records in his files.

_____
Thomas E. Willoughby

Sworn to before me this
17TH day of February 2011

_____
Notary Public